# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KELLY J. GRIGGS, )<br> )<br> Plaintiff, )<br> )<br>-vs- )    Case No. CIV-20-1287-F<br> )<br>WINGARD TRANSPORT, LLC, )<br>JOHN D. CUSTAR and JONATHAN )<br>WINGARD, )<br> )<br> Defendants. ) | |

## **ORDER**

Defendant Jonathan Wingard d/b/a Wingard Transport ("the defendant," for purposes of this order) moves for judgment on the pleadings with respect to all "alternate negligence claims" alleged against him.¹  Doc. no. 27.  Plaintiff filed a response brief.  Doc. no. 29.  No reply brief was filed.

For the reasons stated below, the motion will be denied as moot.

### Standard

"A motion for judgment on the pleadings under Rule 12(c) may be granted only if all material issues can be resolved on the pleadings by the district court…." Wright & Miller, 5C Fed. Prac. & Proc. Civ. § 1368 (3d ed.).

A motion for judgment on the pleadings is governed by the same standard which applies to a motion to dismiss brought under Rule 12(b)(6), Fed. R. Civ. P.

---

¹ The motion describes "alternate negligence claims" as including all independent negligence claims other than respondeat superior claims, thereby including claims of negligent hiring, training, retention, supervision and maintenance.  Doc. no. 27, p. 1, n. 1.  Defendant, however, does not challenge the negligent entrustment claim alleged against him.  Thus, the "alternate negligence claims" challenged in this motion are the direct negligence claims alleged against the defendant *other than* the negligent entrustment claim.  *Id*.

As stated in Atlantic Richfield Co. v. Farm Credit Bank of Wichita, 226 F.3d 1138 (10th Cir. 2000):

> A motion for judgment on the pleadings under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6). … We uphold a dismissal under Rule 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle the plaintiff to relief. We likewise accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the non-moving party.

*Id*. at 1160 (quotations and citations omitted).

If an affirmative defense is clearly established on the pleadings, then a judgment on the pleadings may be appropriate. Wright & Miller, *supra*; *and see* Ball v. Mayfield, 566 Fed. Appx. 765, 770 (10th Cir. 2014) (a motion to dismiss based on an affirmative defense raised in an answer is accurately described as a motion for judgment on the pleadings), unpublished.

## The Pleadings

This action is in this court on the basis of diversity jurisdiction. Doc. no. 8, ¶ 7. It involves an accident on Interstate 40 near The City of El Reno. *Id*. at ¶ 8.

The first amended complaint (hereafter "the complaint") alleges that a semi-truck and trailer being driven by defendant Custar hit the rear of the semi-truck and trailer being driven by plaintiff Griggs, causing severe personal injuries to Griggs. *Id*.

The complaint alleges that at the time of the accident, Custar was the agent, servant or employee of Wingard Transport, LLC and/or Jonathan Wingard. *Id*. at C¶ 10.[2]

---

[2] The agency allegation in ¶ 10 is "denied, as phrased" in defendant's answer. Doc. no. 13, ¶10.

The complaint then alleges as follows:

> 12. That Defendants, WINGARD TRANSPORT, LLC, and/or JONATHAN WINGARD, negligently hired, screened, retained, trained, or instructed the Defendant, JOHN D. CUSTAR, with regard to the operation of its motor vehicle and his required compliance with both state and federal laws including the FMCSA regulations. Defendant, WINGARD TRANSPORT, LLC, and/or JONATHAN WINGARD, <u>therefore negligently entrusted their vehicle to the Defendant, JOHN D. CUSTAR, and were individually negligent</u> in contributing to the cause of the collision and Plaintiff's injuries.

Doc. no. 8, ¶ 12 (emphasis added).

The affirmative defenses portion of defendants' answer alleges as follows: "Agency is not in dispute. Thus, any 'alternate' or 'direct' negligence claims fail as a matter of law." Doc. no. 13, affirmative defenses at ¶ 17, citing <u>Jordan v. Cates</u>, 935 P.2d 289 (Okla. 1997), and <u>N.H. v. Presbyterian Church (U.S.A.)</u>, 998 P.2d 592 (Okla. 1999). Thus, ¶ 17 of defendant's alleged affirmative defenses makes it clear there is no dispute as to agency, which is conceded by the defendant.

## Discussion

The gist of the motion is that under Oklahoma law, defendant's concession, in its answer, that driver Custar was the agent of the defendant at the time of the accident, forecloses all negligence claims against the defendant other than a negligent entrustment claim. Accordingly, defendant asks the court to dismiss all of the alternate negligence claims alleged against him (negligent hiring, retention, training, etc.) other than the negligent entrustment claim. Plaintiff, in response, argues that the only negligence claim she alleges against defendant is one for negligent entrustment, a claim which is not challenged in the motion. Doc. no. 29, pp. 2-4. Plaintiff therefore asks the court to deny the motion as moot.

The court agrees with plaintiff that the motion is moot. The complaint does not purport to state separate claims for negligent hiring or retention or training, etc. Rather, the complaint attempts to combine facts with legal conclusions to allege

3

negligent hiring, screening, retaining, training and instructing as factual support for a negligent entrustment claim. Because the motion purports to challenge claims which are not actually alleged, and because plaintiff agrees the challenged claims are not alleged, the motion is moot. Although facts tending to prove such things as negligent hiring, screening, retaining, training and instructing may well be relevant to a negligent entrustment claim (a matter the court need not address until a later stage), negligent entrustment is a legally distinct theory. The elements of that theory will, of course, be made clear in the jury instructions.

Judge Claire V. Eagan reached the same conclusion when considering this issue in her "Opinion and Order" entered in <u>Rimes v. MVT Services, LLC</u>, Case No. 19-CIV-0282 (N.D. Okla. August 29, 2019). Doc. no. 29-1 (Eagan order). Other than the parties' names, the pertinent allegations in the <u>Rimes</u> complaint (¶ 10) and the current complaint (¶ 12) are identical. Judge Eagan found that MVT's motion for partial dismissal was moot because the motion requested dismissal of claims which had not been separately stated in the complaint. Doc. no. 29-1, p. 4.

Conclusion

After careful consideration, defendant's motion for judgment on the pleadings is denied as **MOOT**.

IT IS SO ORDERED this 1st day of November, 2021.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-1287p005 rev .docx

4